

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re:

JEAN LORRAINE RICHARDSON,

              Debtor.

Case No.: 15-01389
Chapter 7

Related: ECF 81

## ORDER GRANTING DEBTOR'S MOTION TO REOPEN AND ORDER TO SHOW CAUSE WHY RELIEF SHOULD NOT BE DENIED

Debtor Jean Richardson moves to reopen her chapter 7 case to pursue

allegations of fraud and to seek relief from prior orders. For the reasons set

forth below, the Motion to Reopen is GRANTED and Ms. Richardson is

ORDERED to show cause why all other requested relief should not be

denied.

1

## I.    Background

Sometime before 2008, Ms. Richardson and Darius A. Richardson, M.D., began divorce proceedings in the Guam superior court.[1] In 2012, the Guam court entered a judgment in favor of Ms. Richardson and against Dr. Richardson for $50,172.78.

Ms. Richardson filed a chapter 7 petition on November 16, 2015. Among her scheduled assets were a "spousal support judgment based on a November 10, 2008 Superior Court of Guam Judgment of Arrears" valued at $26,821.52, and a "community property interest in her ex-husband, Dr. Darius Richardson's medical practice" valued at $23,905.48.[2] She also scheduled a disputed, priority unsecured domestic support obligation in favor of Dr. Richardson in the amount of $96,113.88.[3]

On February 22, 2016, Dr. Richardson commenced an adversary proceeding seeking a determination that Ms. Richardson's domestic

---

[1] *Darius A. Richardson, M.D., v. Jean Lorraine Richardson*, Domestic Case No. DM 361-01 (Guam Super. Ct.).
[2] ECF 3 at 10. These amounts add up to approximately the amount of the 2012 Guam judgment. Fortunately, I need not determine the exact outcome of the Guam case.
[3] ECF 3 at 16.

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 82   Filed  04/21/26   Page 2 of 9

support obligations to him were nondischargeable.[4] Ms. Richardson filed a motion to dismiss the complaint, and Dr. Richardson filed a motion for judgment on the pleadings.[5] I ruled that Ms. Richardson's debt to Dr. Richardson for child support and spousal support was not dischargeable in bankruptcy and that the Guam court should decide the amount of that debt.[6] I dismissed all other claims in the adversary proceeding. The court entered final judgment on July 15, 2016.[7] No one appealed.

In the meantime, the chapter 7 trustee negotiated a settlement agreement with Dr. Richardson.[8] The settlement resolved the estate's claims based on the 2012 Guam judgment but did "not affect the child support or domestic support obligations" of either Ms. Richardson or Dr. Richardson.[9] The agreement required Dr. Richardson to pay $30,000.00 to Ms. Richardson's bankruptcy estate. I overruled Ms. Richardson's objections to the settlement and entered an order approving it on August

---

[4] Adv. Pro. No. 16-90012.
[5] Adv. ECF 8, 19.
[6] Adv. ECF 25.
[7] Adv. ECF 28.
[8] A trustee may settle claims of the estate with court approval under Fed. R. Bankr. P. 9019.
[9] ECF 36 at 3.

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 82   Filed  04/21/26   Page 3 of 9

10, 2016.[10] I also denied Ms. Richardson's motion for clarification.[11] Ms. Richardson did not appeal.

Also in the meantime, on February 23, 2016, Ms. Richardson received her discharge in bankruptcy.[12] Her case was closed on February 18, 2022.[13]

Ms. Richardson filed the present Motion to Reopen ("Motion") on March 30, 2026, more than four years after closure and ten years after discharge. The Motion is lengthy and disorganized, but it appears to assert fraud both in this court and in the Superior Court of Guam.

## II. Discussion

### a. Motion to Reopen

A case may be reopened under 11 U.S.C. § 350(b) on motion of the debtor or party in interest "to administer assets, to accord relief to the debtor, or for other cause."[14]

The decision to reopen is discretionary.[15] The Ninth Circuit has held

---

[10] ECF 36.
[11] ECF 39.
[12] ECF 14.
[13] ECF 60.
[14] 11 U.S.C. § 350(b); Fed. R. Bankr. P. 5010.
[15] *Staffer v. Predovich* (*In re Staffer*), 306 F.3d 967, 971 (9th Cir. 2002) (noting that the denial of a motion to reopen a bankruptcy case is reviewed for abuse of discretion).

that a bankruptcy court may deny reopening when doing so would be futile.[16] But reopening does not *require* examination of the underlying relief sought, and a court may reopen a case without resolving the merits of the debtor's allegations.[17]

Considering Ms. Richardson's pro se status, I will grant her request to reopen her case and will separately evaluate the merits of her underlying claims.

### b. Order to Show Cause

Ms. Richardson has been in litigation with her ex-husband for at least eighteen years. She has asserted, or at least could have asserted, all of her contentions many years ago. Many of her contentions appear, on their face, to be time-barred or beyond the jurisdiction of this court. Her assertion of a

---

[16] *See Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433 (9th Cir. 1993) (holding that the court did not abuse its discretion in denying reopening because reopening would not have affected the dischargeability of the debt); *Lopez v. Specialty Rests. Corp (In re Lopez)*, 283 B.R. 22, 27 (B.A.P. 9th Cir. 2002) (finding that a court is not required to reopen a case when the chance of recovery is remote); *see also Smidt v. Nationstar Mortg. LLC (In re Smidt)*, No. BAP CC-24-1071-FGL, 2025 WL 863113, at *3 (B.A.P. 9th Cir. Mar. 19, 2025) ("If Congress intended to require reopening on request in any and all circumstances, it would have used a verb like 'shall' rather than 'may'").

[17] *See Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 916 (B.A.P. 9th Cir. 1999) (holding that when a court is presented only with a motion to reopen, merits issues should be left to the underlying litigation); *see also Staffer*, 306 F.3d at 972 (affirming that a motion to reopen is a narrow procedural inquiry and that merits issues must be left to the underlying litigation).

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 82   Filed  04/21/26   Page 5 of 9

wide-ranging conspiracy to defraud among the bankruptcy trustee, her ex-husband, their attorneys, and the courts of Guam is not inherently plausible.

Section 105(d)(2) authorizes the court to issue orders on its own motion to ensure that a case is handled expeditiously and economically.[18] In order to spare her adversaries the burden of responding to claims that probably lack merit, I will order her to show cause in writing, within 30 days from entry of this order, why this court should not deny all other relief requested in her Motion. Her response must address the issues below.

### i. Timeliness under Rule 60(b)(3)

To the extent that Ms. Richardson seeks relief based on fraud, misrepresentation, or misconduct, she must explain why such relief is not barred by the one-year limitation in Fed. R. Civ. P. 60(b)(3), made applicable by Fed. R. Bankr. 9024. Rule 60(b)(3) requires that motions based on fraud, misrepresentation, or misconduct be filed "within a reasonable

---

[18] 11 U.S.C. § 105(d)(2).

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 82   Filed  04/21/26   Page 6 of 9

time" not to exceed "more than a year after the entry of the judgment or order"[19]

The response must identify the specific order from which she seeks relief, the date of that order, and the bases on which she contends the one-year limitation does not apply.

### ii. Authority to set aside judgments of the Superior Court of Guam

Ms. Richardson also asserts that certain conduct constituted fraud on the Superior Court of Guam.

Ms. Richardson must explain why this bankruptcy court has authority to set aside or disturb orders entered by the Superior Court of Guam, and even if such authority exists, why the bankruptcy court should not defer to the Guam court. The response must cite legal authority supporting the position.

### iii. Fraud on the Court

Ms. Richardson alleges that there was fraud on this court and on the

---

[19] Fed. R. Civ. P. 60(c)(1).

7

Superior Court of Guam, asserting that various parties engaged in a "scheme to defy Guam law . . . and the Bankruptcy Code . . . by making false claims of material fact."[20] The Motion does not identify any misrepresentation made to that court, nor does it explain how the court was misled. Rule 60(d)(3) preserves the court's power to set aside a judgment for "fraud on the court." The Ninth Circuit has held that fraud on the court requires clear and convincing evidence of "an effort by the government to prevent the judicial process from functioning in the usual manner."[21] The Hawaii Supreme Court has similarly emphasized that only the most egregious misconduct can meet the high threshold for a finding of fraud on the court, and that even assuming the allegations are true, the moving party must show acts that are "egregious, legally and factually deficient, inaccurate and incomplete, materially false and misleading."[22]

Ms. Richardson must therefore identify the specific acts and conduct

---

[20] ECF 81 at 17.

[21] *United States v. Est. of Stonehill*, 660 F.3d 415, 445 (9th Cir. 2011) (holding that the relevant inquiry of fraud on the court is "not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process") (internal quotation marks omitted).

[22] *Greenspon v. Deutsche Bank Nat'l Tr. Co.*, 158 Hawai`i 39, 50, 583 P.3d 812, 823 (2026). The Hawaii court's decision is not binding on this court, but it is an instructive interpretation of the identical language in Haw. R. Civ. P. 60(b)(3), the state counterpart to Fed. R. Civ. P. 60(b)(3).

that she contends constitute fraud on this court and the Superior Court of Guam and explain how those acts meet this exceptionally high standard.

## III.    Conclusion

The Motion is GRANTED in part: this case is reopened.

As to the rest of the relief sought in the motion, Ms. Richardson is ORDERED to show cause, within 30 days of entry of this order, why all other relief in the Motion should not be denied.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 82   Filed  04/21/26   Page 9 of 9