

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JEAN LORRAINE RICHARDSON,<br><br>                Debtor. | Case No.: 15-01389<br>Chapter 7<br><br><br>Related: ECF 81 |

### ORDER DENYING ALL SUBSTANTIVE RELIEF
### SOUGHT BY WAY OF DEBTOR'S MOTION TO REOPEN

Debtor Jean Richardson filed a motion asking the court to reopen her bankruptcy case so she could seek to set aside orders of this court and the Guam courts and pursue claims for millions of dollars of compensatory and punitive damages against her ex-husband, Darius, her ex-husband's attorney, and others. This court reopened her case but directed her to show

1

cause why it should not deny all other relief.[1] Ms. Richardson filed a lengthy and timely response.[2]

Ms. Richardson acknowledges that, due to the passage of time, she could only obtain relief from this court's orders if she could prove that those orders were the product of fraud on the court. Ms. Richardson obviously disagrees with the conduct of Darius' attorney and the chapter 7 trustee, and she plainly thinks that this court's orders were erroneous, but that is not enough to justify relief from orders that were entered about ten years ago. Accordingly, Ms. Richardson's requests for relief from this court's orders, and for damages based on events and conduct that those orders resolved, are DISMISSED WITH PREJUDICE.

Ms. Richardson alleges that Darius' attorney used improper influence over a judge of the Guam courts to induce that judge to make rulings favorable to Darius and unfavorable to her. She has not offered any admissible evidence to support these allegations. But even if she had any

[1] ECF 82.
[2] ECF 86.

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 87   Filed  06/05/26   Page 2 of 3

evidence, she has not convinced me that a federal bankruptcy court sitting in Hawaii can or should set aside orders entered by a Guam territorial court. Accordingly, Ms. Richardson's requests for relief from the orders of the Guam courts, and for damages based on events and conduct that those orders resolved, are DISMISSED. It would be improper for me to bar Ms. Richardson from making those requests in the courts of Guam, but I wish to emphasize that I am not finding that those claims are plausible, let alone meritorious.

The clerk shall promptly reclose this bankruptcy case.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #15-01389   Dkt # 87   Filed  06/05/26   Page 3 of 3